IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEVIN ELY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0565-WS-B |
| | ) |
| MOBILE HOUSING BOARD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on defendants' Motion to Dismiss (doc. 14). A full two weeks after expiration of his period for responding under the court-ordered briefing schedule (*see* doc. 16), plaintiff, Devin Ely, who is proceeding *pro se*, filed a "Motion for Continuance/Stay" (doc. 19) and a "Motion to Amend Complaint" (doc. 20).

As an initial matter, the Court addresses the issue of Ely's untimeliness. In an Order entered on February 12, 2016, the undersigned wrote as follows: "Ely is **ordered** to file a response to the Motion to Dismiss, supported by legal authority as appropriate, on or before **February 29, 2016**. … **Failure to respond to the Motion in a timely and complete manner may be grounds for dismissal of the Complaint**." (Doc. 16, at 2.) Ely did not respond to the Motion by the specified deadline; in fact, he did not file anything at all until March 14, 2016. In his submissions on that date, Ely explained that he is homeless, that he had been traveling out of town and that had just received "both letters" from his grandmother, whose mailing address he has apparently provided the Clerk of Court as his address of record herein. Ordinarily, a *pro se* litigant's explanation that he did not timely receive mail at the address he furnished the Clerk's Office is unsatisfactory. After all, the Local Rules require that "[a]ny person proceeding *pro se* must, at all times during the pendency of the action …, keep the Clerk informed of his or her current address and telephone number." General L.R. 83.5(b). Here, however, there are extenuating circumstances. Most notably, Ely represents that he is "homeless," thus creating

logistical challenges to his ability to receive mail.  For that reason, the Court will accept and consider Ely's recent filings, notwithstanding their substantial untimeliness.[1]

That said, it remains Ely's sole responsibility to take all reasonable steps to ensure that he receives timely notice of activity (including court orders, notices from the Clerk, and filings by opposing counsel) in this case.  If – as Ely has represented – his address of record is actually his grandmother's home address and he does not live there, then it is incumbent on Ely to make appropriate arrangements with his grandmother to make certain that he receives <u>immediate</u> notice of all court-related mail sent to him at that address.  Court deadlines are important, and timely compliance with court orders is mandatory.  The Court cannot and will not tolerate a situation in which the orderly, efficient progress of this litigation is disrupted repeatedly based on representations from Ely that he "just now found out about" court mailings sent to his address of record weeks or months earlier.  It is Ely's responsibility to devise a system in which he becomes aware in a timely fashion of court mail delivered to his address of record.  Additionally, Ely has provided an email address, to-wit: ***dely1195@gmail.com***.  The Clerk's Office is directed to add this email address to the e-notification list for this case.  As such, electronic notice of all activity in the court file will be transmitted to Ely at that email address via the court's CM/ECF system.  The Court trusts that this belt-and-suspenders arrangement will suffice to keep Ely duly informed of all court activity, orders, filings and deadlines in this case; therefore, it is expected that Ely will not miss any more deadlines because of lack of notice.  Further requests for extension or other accommodation on the ground that Ely "did not know" about a particular court obligation or deadline because of his suboptimal mail situation may be summarily denied.

Moving on to the merits, defendants' Motion to Dismiss points out substantial defects in the Complaint.  Even after taking into consideration Ely's proposed amendment (doc. 20), his pleadings are conclusory and fail to plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[] [his] claims across the line from conceivable to plausible."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also*

---

[1] In so doing, however, the Court categorically rejects the aspect of Ely's untimely submission in which he pleads, "Please don't allow Defendant additional time to answer." (Doc. 20, at 3.)  A hat-in-hand litigant who is himself requesting forgiveness for failure to comply with unambiguous court deadlines does not advance his cause by urging the Court to refuse to allow the other side "additional time" to respond to his tardy submissions.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citation omitted). For example, Ely complains that "[e]ach time accommodations were requested they were denied" (doc. 20, at 1), but he does not specify what accommodations he asked for; what he told defendants in making these requests or how they responded; how the accommodations in question would have accommodated his purported "physical and mental disabilities" such as "sleep apnea, asthma, weight, depression, ADHD, skin problems etc." (*id.*); or what he says defendants could or should have done.

      Potentially more troubling is the fact that Ely's mother, Donavette Ely, litigated a strikingly similar complaint against the Mobile Housing Board in this District Court three years ago. Indeed, in an action styled *Donavette Ely v. Mobile Housing Board*, Civil Action 13-0105-WS-B, Ely's mother (who was represented by counsel at all relevant times) brought numerous claims against the Board, including an Americans with Disabilities Act claim predicated on the allegation that "[o]n numerous occasions the Plaintiff made written reasonable accommodation request to the Defendant … due to her minor son's disability. Each time the Defendant denied the Plaintiff's request." (Civil Action 13-0105-WS-B, doc. 1, ¶ 39.) By all appearances, Ely is the "minor son" to whom his mother's pleading referred. After the close of discovery in Civil Action 13-105, this Court granted summary judgment to the Mobile Housing Board on this category of claims. (*See* Civil Action 13-0105-WS-B, doc. 80.) Ely's mother's ensuing appeal of that ruling was unsuccessful. (*See* Civil Action 13-0105-WS-B, doc. 91.) Because of the fragmentary, vague manner in which Ely has framed his Complaint, it is unclear whether his claims are rooted in the same Board conduct about which his mother complained in Civil Action 13-0105-WS-B. If they are, then the doctrine of res judicata may pose a difficult, and perhaps insuperable, obstacle to Ely's ability to relitigate those claims here. *See, e.g., Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1472 (11th Cir. 1986) ("Res judicata also applies to those persons in privity with the parties. 'Privity' describes a relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty," such as "where the nonparty's interests were represented adequately by the party in the original suit"); *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1561 (11th Cir.

1990) ("Privity also exists where a party to the original suit is so closely aligned to a nonparty's interest as to be his virtual representative.") (citation and internal quotation marks omitted).

Notwithstanding all of the foregoing, Ely has requested a stay of these proceedings. In his "Motion for Continuance / Stay" (doc. 19), Ely explains that he is "indigent and need[s] the help of an Attorney," and requests a period of "up to 6 weeks to hire an attorney to response [*sic*] to motions and explain this process to me." (Doc. 19, at 2.) In deference to Ely's *pro se* status, his stated desire to retain counsel, and the problematic posture of his claims (as documented above), the Court will afford him a reasonable opportunity to seek out counsel. For those reasons, in the undersigned's discretion, the Motion for Continuance / Stay (doc. 19) is **granted**. This action is hereby **stayed** through **April 27, 2016**, at which time the stay will expire by its own terms. Ely is cautioned to put this time to good use; indeed, this case will not be stayed indefinitely to allow him to search for a lawyer. If Ely succeeds in retaining counsel during this period, such counsel must promptly file a notice of appearance providing the attorney's name and contact information. Ely (with or without the assistance of counsel) is **ordered** to file a third amended complaint that addresses the above-described defects by no later than **April 29, 2016**. Defendants' answer or renewed motion to dismiss must be filed on or before **May 13, 2016**.

In light of the foregoing rulings, and specifically the Court's directive that Ely file an amended complaint, the pending Motion to Dismiss (doc. 14) and Motion to Amend (doc. 20) are **moot**. Of course, defendants are authorized to renew their motion to dismiss on any grounds they may deem appropriate upon the filing of Ely's Third Amended Complaint.

DONE and ORDERED this 16th day of March, 2016.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE