IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEVIN ELY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0565-WS-B |
| | ) |
| MOBILE HOUSING BOARD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court *sua sponte*.

On November 13, 2015, plaintiff Devin Ely, proceeding *pro se*, filed a facially deficient, minimalist Complaint (doc. 1) against defendants, Mobile Housing Board, Barbara Mitchell and Sharon Stokes, that fell well short of alleging plausible claims against any of them. Even more problematic was the fact, pointed out by defendants via Motion to Dismiss (doc. 14), that Ely's mother, Donavette Ely, had unsuccessfully litigated strikingly similar claims against the Mobile Housing Board three years earlier in an action styled *Donavette Ely v. Mobile Housing Board*, Civil Action 13-0105-WS-B.

Despite these defects, and in deference to Ely's *pro se* status, the Court twice entered Orders (docs. 21 & 23) staying this action to allow Ely a reasonable opportunity to seek out counsel and file an amended complaint. The net result of those Orders was that this case was stayed continuously from March 16, 2016 through June 3, 2016. The latter Order, entered on May 13, 2016, contained very specific instructions for Ely about the Court's expectations and the consequences of noncompliance. In particular, the May 13 Order concluded as follows:

> "No further stays will be granted to allow Ely to continue searching for counsel. Certainly, the cumulative stay period from March 16 through June 3 (some 79 days) is more than sufficient for a reasonably diligent plaintiff to exhaust any and all reasonable efforts to hire a lawyer. Whether Ely has found a lawyer by that time or not, plaintiff is **ordered** to file a third amended complaint by no later than **June 6, 2016**. **If plaintiff does not file an appropriate amended complaint on or before that deadline, this action may be summarily dismissed for failure to prosecute and failure to obey the Court's orders.**"

(Doc. 23, at 2 (emphasis in original).)  Copies of the May 13 Order were transmitted to Ely both at his physical address of record and at the email address he provided to the Clerk of Court.

The June 6 deadline has come and gone; however, Ely has not filed the requisite amended complaint.  In fact, he has not filed anything in this case since his last Motion for Continuance (doc. 22) back on April 29, 2016.  Ely has not attempted to amend his Complaint, as directed in bold text in the May 13 Order.  He has not requested enlargement of that deadline for any reason.  He has done nothing, even though he was on notice that unless he filed an amended complaint on or before June 6, 2016, this action may be summarily dismissed.  Ely's silence suggests that he has abandoned his claims against the named defendants.  Even if he does not intend to abandon this action, the facts remain that (i) his Complaint does not comport with minimum pleading requirements under the Federal Rules of Civil Procedure; (ii) his Complaint appears to be barred by the doctrine of res judicata, as an improper attempt to relitigate claims previously litigated by someone with whom he is in privity (*i.e.*, his mother); (iii) Ely has failed to avail himself of a full and fair opportunity to amend the Complaint to correct those pleading deficiencies; and (iv) Ely did not comply with the clear directive in the May 13 Order that he must amend his pleading.

In light of the foregoing circumstances, this action is **dismissed without prejudice** pursuant to Rule 12(b)(6), Fed.R.Civ.P., because the Complaint fails to state a claim on which relief can be granted.  In the alternative, this action is **dismissed without prejudice** for failure to prosecute and failure to obey the Court's orders, based on Ely's noncompliance with the May 13 Order and his failure to make any attempt to amend his pleading within the allotted timeframe, all despite clear notice that failure to do so would result in the prompt dismissal of his lawsuit.  A separate judgment will enter.

DONE and ORDERED this 10th day of June, 2016.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE